United States District Court
Southern District of Texas
**ENTERED**
June 14, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOSE IGNACIO SALINAS-LANDAVERDE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-119 |
| | § | Criminal No. B:14-303-1 |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 5, 2017, Petitioner Jose Ignacio Salinas-Landaverde filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, and for the reasons discussed below, the Court recommends that the petition be **DENIED**.

### I. Procedural and Factual Background

On May 6, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Salinas-Landaverde in a four count indictment, charging him with: (1) conspiracy to possess with intent to distribute more than one kilogram of heroin; (2) possession with intent to distribute more than one kilogram of heroin; (3) conspiracy to import more than one kilogram of heroin into the United States; (4) importing more than one kilogram of heroin into the United States, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, 952(a) & 960(b)(2). U.S. v. Salinas-Landaverde, Criminal No. 1:14-303-1, Dkt. No. 9 (hereinafter "CR").

On September 2, 2014, Salinas-Landaverde appeared before the District Judge and entered a guilty plea – without a written plea agreement – to possession with intent to distribute more than one kilogram of heroin. CR Dkt. No. 21.

1

### A. Sentencing

In the final presentence report ("PSR"), Salinas-Landaverde was assessed a base offense level of 34, predicated upon a finding that he was responsible for smuggling 16.224 kilograms of heroin. CR Dkt. No. 24, pp. 6-7. He was given a three-level reduction for acceptance of responsibility. Id. Thus, Salinas-Landaverde was assessed a total offense level of 31. Id.

Regarding his criminal history, Salinas-Landaverde had no adult criminal convictions and was assessed 0 criminal history points and a criminal history category of I. CR Dkt. No. 24, pp. 7-8. A total offense level of 31 and criminal history category of I, produced a sentencing guideline imprisonment range of 108 to 135 months. Id. However, Salinas-Landaverde faced a mandatory minimum of 120 months imprisonment, which mandated a sentencing range of 120 to 135 months. Id.

The PSR noted that if Salinas-Landaverde qualified for "safety valve," under U.S.S.G. § 5C1.2, his base offense level would be reduced by two points to 29. CR Dkt. No. 24, p. 11. If this happened, his new guideline imprisonment range would be 87 to 108 months and the mandatory minimum would be no longer be required. Id.

On November 3, 2014, Salinas-Landaverde, via counsel, filed objections to the pre-sentence report. CR Dkt. No. 23. Salinas-Landaverde argued that he should only be held accountable for the drugs that he was caught with as part of his relevant conduct. Id. He also asserted that if his objection was granted, his new guideline sentencing range would be 70 to 87 months. Id.

On December 12, 2014, the District Court held the sentencing hearing and gave Salinas-Landaverde the safety valve reduction. The Court also granted Salinas-Landaverde's objections as to relevant conduct, resulting in a guideline sentencing range of 70 to 87 months. CR Dkt. No. 30. Salinas-Landaverde was then sentenced to 84 months of incarceration, three years of supervised release and a $100 special assessment, which was ordered remitted. CR Dkt. No. 29. Judgment was entered on December 19, 2014. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a

direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Delgado's deadline for filing a notice of appeal passed on January 2, 2015.

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On March 2, 2017, Salinas-Landaverde filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence.[1] Dkt. No. 1. In his motion, Salinas-Landaverde asserts that he should have been given a sentencing reduction for only playing a minor role in the drug conspiracy. He does not argue that his lawyer was ineffective for failing to seek such a benefit, but merely that it should have been afforded to him.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to it.

## II. Applicable Law

### A. Section 2255

Salinas-Landaverde seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

---

[1] On July 17, 2015, Salinas-Landaverde filed a motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). CR Dkt. No. 32. He argued that he should receive the benefit of the retroactive application of Amendment 782 to the Sentencing Guidelines, which revised the drug quantity tables. Id. The District Court denied the motion. CR Dkt. No. 34. The Fifth Circuit affirmed the denial. CR Dkt. No. 60. Salinas-Landaverde does not raise the denial of that relief in the instant petition. Dkt. No. 1.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Salinas-Landaverde's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

The Court begins by noting that a claim which involves a technical application of the guidelines is not cognizable in a § 2255 petition. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992).  Actions that amount to a technical application of the guidelines are defined by the case law.  See, e.g., Vaughn, 955 F.2d at 368; U.S. v. Williamson, 183 F.3d 458, 461 (5th Cir. 1999) (issue of whether career offender sentencing enhancement properly applied was a technical application of the Guidelines); U.S. v. Smith, 170 F.3d 184 (5th Cir. 1999) (relevant conduct finding regarding drug weight was a technical application of the Guidelines); U.S. v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (error in calculating sentence was a technical application of the Guidelines); Hawkins v. U.S., 706 F.3d 820 (7th Cir.2013) (technical errors in calculating guideline sentencing range are not cognizable on

4

collateral attack after U.S. v. Booker, 542 U.S. 220 (2005) made the guidelines advisory).

A claim that he should have received a sentencing reduction for only playing a minor role in the offense would similarly be a technical application of the guidelines. Thus, this claim is not cognizable on collateral attack.

Furthermore, even if the claim was cognizable, it is meritless. The presentence report shows that Salinas-Landaverde knowingly smuggled illegal substances into the United States. CR Dkt. No. 24, pp. 3-4. He personally drove the drugs into the United States; his "role as the driver of the [vehicle] containing the drugs was indispensable to the drug trafficking offense and essential to its success." U.S. v. Aguilera, 655 F. App'x 213, 216 (5th Cir.), cert. denied, 137 S. Ct. 526, 196 L. Ed. 2d 427 (2016). A reduction in sentence for playing a minor role is not warranted when the actions were essential to the offense, even if "the defendant's activity in a larger conspiracy may have been minor." Id.

Accordingly, Salinas-Landaverde's claim should be denied.[2]

## IV. Recommendation

It is **RECOMMENDED** that the Petitioner Jose Ignacio Salinas-Landaverde's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at

---

[2] One other fact – that forecloses the question of timeliness – is that filing a § 3582 motion "does not restart the clock for AEDPA's one-year limitations period for the filing of § 2255 motions." U.S. v. Jones, 796 F.3d 483, 486 (5th Cir. 2015). Thus, irrespective of how the claim is viewed, Salinas-Landaverde's claim is both untimely and foreclosed as a matter of law.

327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Salinas-Landaverde's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Salinas-Landaverde's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 14, 2017.

_/s/ Ronald G. Morgan_
Ronald G. Morgan
United States Magistrate Judge